ACCEPTED
04-14-00222-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
12/29/2014 12:02:53 PM
KEITH HOTTLE
CLERK

## NO.  04-14-00222-CR

| | | | |
|---|---|---|---|
| **STATE OF TEXAS** | § | **IN THE** | FILED IN<br>4th COURT OF APPEALS<br>SAN ANTONIO, TEXAS |
| | § | | |
| **VS.** | § | **Fourth COURT** | 12/29/2014 12:02:53 PM<br>KEITH E. HOTTLE<br>Clerk |
| | § | | |
| **JACOB CORY GONZALES** | § | **OF APPEALS** | |

## MOTION TO EXTEND TIME TO FILE APPELLANT'S BRIEF

### TO THE HONORABLE JUSTICES OF SAID COURT:

Now comes Jacob Cory Gonzales, Appellant in the above styled and numbered cause, and moves this Court to grant an extension of time to file appellant's brief, pursuant to Rule 38.6 of the Texas Rules of Appellate Procedure, and for good cause shows the following:

1. This case is on appeal from the 144th Judicial District Court of Bexar County, Texas.

2. The case below was styled the <u>STATE OF TEXAS vs. Jacob Cory Gonzales,</u> and numbered 2011-CR-8528A.

3. Appellant was convicted of Murder.

4. Appellant was assessed a sentence of 20 years in TDCJ on February 27, 2014.

5. Notice of appeal was given on April 2, 2014.

6. The clerk's record was filed on May 7, 2014; the reporter's record was

filed on October 3, 2014.

7.    The appellate brief is presently due on January 2, 2015.

8.    Appellant requests an extension of time of 14 days from the present date to January 16, 2014.

9.    Two extensions to file the brief have been received in this cause.

10.    Defendant is currently incarcerated.

11.    Appellant relies on the following facts as good cause for the requested extension:

According to Volume 6, pages 149, 150, of the reporter's record, State Exhibit #96 was included as part of the appellate record by the trial judge. Exhibit #96 is a complete DVD recording of Appellant and his statement while at the police station. Only the redacted version of the DVD has been included with the reporter's record. Appellate counsel left a letter with the Clerk of the 144th District Court on 12/29/2014 addressed to the court reporter requesting that the record be supplemented to include State Exhibit #96. A copy is attached.

**WHEREFORE, PREMISES CONSIDERED**, Appellant prays that this Court grant this Motion To Extend Time to File Appellant's Brief, and for such other and further relief as the Court may deem appropriate.

Respectfully submitted,

Mario A. Trevino
315 S. Main
San Antonio, Texas 78204
Tel: (210) 226-0026
Fax: (210) 226-8402


By: *Mario A. Trevino*
Mario A. Trevino
State Bar No. 20211250
trevinomtrev@aol.com
Attorney for Jacob Cory Gonzales


## CERTIFICATE OF SERVICE

This is to certify that on December 29, 2014, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Bexar County, Texas, by personal delivery.

*Mario A. Trevino*
Mario A. Trevino

# Mario A. Trevino
## Attorney at Law
315 South Main Street • San Antonio, Texas 78204
Office: (210) 226-0026 • Fax: (210) 226-8402 • Email: trevinomtrev@aol.com

12/29/2014

Ms. Kay Gittinger
Official Court Reporter, 144th District Court
Cadena-Reeves Justice Center
300 Dolorosa
San Antonio, Texas 78205

RE: 2011-CR-8528 A
    State of Texas v. Jacob Cory Gonzales
    4th Court of Appeals – 04-14-00222-CR
    Exhibit #96 missing from appellate record

Dear Ms. Gittinger:

According to Volume 6, pages 148 - 150, of the Reporter's Record filed in this case, State's Exhibit #96 was included as part of the appellate record. I have read the Reporter's Record as filed as well as viewed the Exhibits and cannot find Exhibit #96. I checked with the Clerk's Office of the 4th Court of Appeals and Exhibit #96 was not included. Please file in the 4th Court of Appeals a supplemental reporter's record containing the omitted Exhibit# 96.

Please feel free to call me at any time.

Sincerely,

Mario A. Trevino

P.S. I have attached a copy of Vol. 6, pages 149 - 150

149

MS. SAENZ: You want us to redact it again?

THE COURT: I do. I want you to take out the question, Have you ever been in trouble before, or whatever it was that led to that answer.

(A pause in the proceedings)

THE COURT: All right. The State has been attempting to redact portions of Exhibit 96 so as to meet my approval. They haven't gotten there yet. It's 3:00 in the afternoon. The -- I suggest that we admit State's Exhibit 96, for the record only, so that any appellate court will know what we're talking about, and that when we get a redacted copy that the jury will see, we give it a new number. They're not going to remember what number you said earlier.

And I further suggest that we go ahead and proceed with the -- I understand the decedent's mother is a -- is a witness and is here, and that also a doctor, I presume, an autopsy physician is going to be here at 3:30. And with -- that will be our last witness for the day. We'll bring the detective back Monday.

Are we ready for the jury?

MR. SMITH: Your Honor, my client is --

THE COURT: Oh, he's not here. You're right.

150

THE BAILIFF: I'll get him right now.

(Defendant entered)

THE COURT: Let the record reflect that the defendant, his counsel, and counsel for the State are present in open court.

You can just come up here and have a seat, ma'am.

(Witness entered the witness stand)

THE COURT: I made a statement for the record a while ago, not noticing that the defendant was not in the courtroom. He's entitled to be here when we are doing anything relevant to his case. What I did was I told the lawyers that since we do not yet have a redacted copy of the defendant's statement to police that -- that satisfies me, we're going to go on to another witness.

Mrs. Cooper is here. We will hear her testimony this afternoon. We will hear also the autopsy physician this afternoon, and then we will quit for the day. And the witness who was on the stand when I declared a recess earlier will be heard next week. And I suggested that we -- and have received 96 in evidence for the record only, and then when a redacted copy is properly presented, I will give that a new number.

Okay. Bring the jury, please.